**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>       Plaintiff,<br><br>       v.<br><br>MICHAEL C. MCKNIGHT, an individual, and WHITEHORSE TUNING AND DYNO LLC, a Texas limited liability company,<br><br>       Defendants. | **CIVIL ACTION**<br><br>**No. 1:18-cv-2071** |

**INITIAL JOINT STATUS REPORT**

1. **Nature of the Case**

    A. **Identify the names and contact information for all attorneys of record for each party, including the lead trial attorney.**

    Plaintiff HP Tuners, LLC's ("Plaintiff" or "HP Tuners") attorney of record and lead trial counsel:

    Andrew Peter Bleiman
    Marks & Klein, LLP
    1363 Shermer Road, Suite 318
    Northbrook, IL 60062
    312-206-5162
    andrew@marksklein.com

    Defendants' Michael C. McKnight and Whitehorse Tuning and Dyno, LLC attorney of record and lead trial counsel:

    Robert David Donoghue
    Holland & Knight LLP
    131 S. Dearborn, 30th Fl.
    Chicago, IL 60603
    312-578-6553
    David.donoghue@hklaw.com

**B.  Briefly describe the nature of the claims asserted in the complaint and any Counterclaims and/or third party claims.**

This is an action against Defendants for: (i) violation of the Computer Fraud and Abuse Act, arising under 18 U.S.C. § 1030; (ii) violation of the Defend Trade Secrets Act, 18 U.S.C § 1836 et. seq.; (iii) misappropriation of trade secrets arising under the Texas Uniform Trade Secrets Act, Tex. Civ. Prac. & Rem. Code Sec. 134.001 et. seq.; (iv) violation of the Illinois Trade Secrets Act, 765 ILCS 1065/1 et. seq.; (v) unfair competition under the Texas Deceptive Trade Practices Act, Tex. Bus. & Comm. Code Sec. 17.01 et. seq.; (vi) unfair competition under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et. seq.; and (vii) breach of contract.

A fundamental component of Plaintiff's business is the sale and distribution of credits via application keys, which are the license mechanism used by customers to tune vehicles.  Only HP Tuners is authorized to generate application keys for use with HP Tuners' products.  Plaintiff alleges Defendants have misappropriated its trade secrets and proprietary information and have knowingly generated, created, used and/or obtained fraudulent application keys which were not generated by HP Tuners.

Defendants have not yet filed an Answer or any Counterclaims in this case and reserve all rights to challenge Plaintiff's claims and allegations, as well as any jurisdictional issues or Fed. R. Civ. P 12 issues that may exist.

**C.  Briefly identify the major legal and factual issues in the case.**

Plaintiff HP Tuners is a niche business which provides automotive tuning and data acquisition solutions for automobile enthusiasts and professional shops.  As a core function of its business, HP Tuners sells Interfaces which connect to the onboard computer of a vehicle.  HP Tuners also sells "credits," which are the license mechanism used by customers to tune vehicles.  HP Tuners distributes these credits via "application keys" that are compatible with the HP Tuners Interfaces.

Plaintiff alleges Defendants have unlawfully generated and/or used fraudulent application keys to obtain credits without purchasing them from HP Tuners, in violation of federal and state statutory law, and common law.  HP Tuners alleges Defendants knowingly and wrongfully acquired, posses, and are using fraudulent interfaces and/or application keys to generate licenses, tune vehicles, and generate revenues for their own benefit and/or the benefit of others.  Plaintiff also alleges that Defendants' actions are in violation of a legally enforceable End User License Agreement executed by and between the parties.

**D.  State the relief sought by any of the parties.**

Plaintiff seeks declaratory judgment, injunctive relief, and compensatory, exemplary and punitive damages in excess of $75,000, plus interest, costs and expenses, including reasonable attorney's fees.

**2. Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff's claims.**

    **A. Identify all federal statutes on which federal question jurisdiction is based.**

    Federal question jurisdiction is based on the following federal statutes: (i) the Computer Fraud and Abuse Act ("CFAA"), arising under 18 U.S.C. § 1030; and (ii) the Defend Trade Secrets Act ("DTSA"), 18 U.S.C § 1836 et. seq.

    **B. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

    **1) State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).**

    This Court has jurisdiction over the parties and subject matter in this civil action pursuant to 28 U.S.C. 1332(a) in that the parties are citizens of different states and that plaintiff alleges damages in excess of one hundred eighty thousand dollars ($180,000.00), exclusive of interests and costs. At this time Defendants are not aware of a dispute regarding the amount in controversy, but they are continuing to investigate Plaintiff's claims.

    **2) Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.**

    Plaintiff HP Tuners, LLC is a Nevada limited liability company; Defendant Michael C. McKnight is an individual domiciled in the State of Texas; and Defendant Whitehorse Tuning and Dyno, LLC is a Texas limited liability company.

**3. Status of Service: Identify any defendants that have not been served.**

    All defendants were served on April 4, 2018.

**4. Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do Not report whether individual parties have so consented.**

    The parties have been advised that they may proceed before Magistrate Judge upon unanimous consent. There is not unanimous consent as to this issue.

**5. Motions:**

**A. Briefly describe any pending motions.**

There are currently no pending motions.

**B. State whether the defendants anticipate responding to the complaint by filing an Answer or by means of motion.**

Defendants anticipate responding to the complaint by the September 10, 2018, but are still contemplating whether they will answer or move to dismiss.

**6. Status of Settlement Discussions:**

**A. Indicate whether any settlement discussions have occurred;**

The parties have engaged in discussions concerning resolution.

**B. Describe the status of any settlement discussions; and**

Defendants are currently considering a proposal from Plaintiff.

**C. Whether the parties request a settlement conference.**

The parties do not request a settlement conference at this time.


Dated: August 21, 2018


s/ Andrew P. Bleiman
Andrew P. Bleiman
MARKS & KLEIN, LLP
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Tel: (312) 206-5162
E-mail: andrew@marksklein.com
*Attorney for HP Tuners, LLC*


s/ Robert David Donoghue
Robert David Donoghue
Holland & Knight LLP
131 S. Dearborn, 30th Fl.
Chicago, IL 60603
Tel: (312) 578-6553
E-mail: David.donoghue@hklaw.com
Attorney for Defendants